RE: UNOFFICIAL OPINION CONCERNING ARTICLE XXV, SECTION 1 ARTICLE XXV, SECTION 2 OF THE OKLAHOMA CONSTITUTION AND THEIR EFFECT ON OTHER STATE PROGRAMS CONCERNING ELDERLY PERSONS I HAVE REVIEWED YOUR RECENT REQUEST FOR AN UNOFFICIAL OPINION CONCERNING THE EFFECT OF ARTICLE XXV, SECTION 1 AND ARTICLE XXV, SECTION 2 OF THE OKLAHOMA CONSTITUTION ON THE CREATION BY LAW OF A SEPARATE STATE AGENCY TO IMPLEMENT STATE PROGRAMS CONCERNING ELDERLY PERSONS. AS YOU KNOW, ARTICLE XXV, SECTION 1 OF THE OKLAHOMA CONSTITUTION PROVIDES THAT IN ORDER TO PROMOTE THE GENERAL WELFARE OF THE PEOPLE OF THIS STATE, THE LEGISLATURE AND THE PEOPLE ARE AUTHORIZED TO PROVIDE BY APPROPRIATE LEGISLATION FOR THE RELIEF AND CARE OF NEEDY AGED PERSONS WHO ARE UNABLE TO PROVIDE FOR THEMSELVES. THE PROVISION ALSO AUTHORIZES THE LEGISLATURE OR THE PEOPLE, IN COOPERATION WITH THE FEDERAL GOVERNMENT, TO PROVIDE BY APPROPRIATE LEGISLATION FOR THE RELIEF AND CARE OF AGED PERSONS. SECTION 2 OF ARTICLE XXV ESTABLISHES THE DEPARTMENT OF PUBLIC WELFARE, AND PROVIDES THAT FOR THE PURPOSE OF EFFECTIVELY ADMINISTERING AND CARRYING INTO EXECUTION ALL LAWS ENACTED PURSUANT TO THE AUTHORITY OF 1 OF ARTICLE XXV, THE DEPARTMENT IS CREATED AND CHARGED WITH THE DUTY AND RESPONSIBILITY OF FAITHFULLY ADMINISTERING AND CARRYING INTO EXECUTION ALL LAWS ENACTED PURSUANT TO THAT SECTION. IT SEEMS CLEAR THAT WITHOUT THE PROVISIONS OF ARTICLE XXV, THE STATE WOULD BE UNABLE, DUE TO ITS PROHIBITIONS AGAINST GIVING GIFTS TO INDIVIDUALS, TO PROVIDE FOR THE NEEDY IN THIS MANNER. SEE, OKLA. CONST. ARTICLE X, SECTION 14, ARTICLE X, SECTION 19 ; VETTE V. CHILDERS, 22 P. 145 (OKL. 1926). IT IS NOTED FIRST THAT 2 OF THE CONSTITUTIONAL PROVISION AUTHORIZES THE DEPARTMENT OF PUBLIC WELFARE TO CARRY INTO EXECUTION "ALL LAWS" ENACTED PURSUANT TO THE AUTHORITY OF THE CONSTITUTIONAL PROVISION. IT WOULD THUS APPEAR THAT A PLAIN READING OF THE CONSTITUTIONAL PROVISION PROHIBITS IMPLEMENTATION OF STATE PROGRAMS CONCERNING "NEEDY AGED PERSONS," EXCEPT THROUGH THE DEPARTMENT OF PUBLIC WELFARE. OKLAHOMA CASE LAW SUPPORTS THIS READING OF THE CONSTITUTION. IN TRAPP V. COOK CONSTRUCTION CO., 105 P. 667 (OKLA. 1909), THE SUPREME COURT ANALYZED WHETHER CONSTITUTIONAL JURISDICTION OF THE BOARD OF AGRICULTURE/BOARD OF REGENTS OF THE STATE AGRICULTURAL AND MECHANICAL COLLEGE, COULD BE DILUTED. IN ITS LENGTHY DISCUSSION OF THE MEANING OF THE CONSTITUTIONAL PROVISIONS GOVERNING THE BOARD OF AGRICULTURE, THE SUPREME COURT STATED THAT "WHEN THE PEOPLE HAVE DECLARED BY THE CONSTITUTION THAT CERTAIN POWERS SHALL BE POSSESSED AND DUTIES PERFORMED BY A PARTICULAR OFFICER OR DEPARTMENT, THEIR EXERCISE AND DISCHARGE BY ANY OTHER OFFICER OR DEPARTMENT ARE FORBIDDEN BY UNNECESSARY AND UNAVOIDABLE IMPLICATION." THE COURT CONTINUED: "EVERY POSITIVE DELEGATION OF POWER TO ONE OFFICER OR DEPARTMENT IMPLIES A NEGATION OF ITS EXERCISE BY ANY OTHER OFFICER, DEPARTMENT, OR PERSON. . . . EVERY POSITIVE DIRECTION CONTAINS AN IMPLICATION AGAINST ANYTHING CONTRARY TO IT, OR WHICH WOULD FRUSTRATE OR DISAPPOINT THE PURPOSE OF THAT PROVISION." 105 P. AT 670. FINALLY, THE COURT NOTED THAT: (U)SURPATIONS OF POWER, OR THE EXERCISE OF POWER IN DISREGARD OF THE EXPRESS PROVISION OR PLAIN INTENT OF THE INSTRUMENT, AS NECESSARILY IMPLIED FROM ALL ITS TERMS, CANNOT BE SUSTAINED UNDER THE PRETENSE OF A LIBERAL OR ENLIGHTENED INTERPRETATION, OR IN DEFENSE TO THE JUDGMENT OF THE LEGISLATURE, OR SOME SUPPOSED NECESSITY, THE RESULT OF A CHANGED CONDITION OF AFFAIRS." 105 P. AT 671. THIS VIEW WAS REAFFIRMED IN THE RECENT CASE OF BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA V. BAKER, 638 P.2d 464
(OKL. 1981) WHERE THE _BAKER COURT STATED: "WHILE THE LAWMAKING POWER OF THE LEGISLATURE IS SUPREME WITHIN ITS PROPER SPHERE, THAT POWER MAY BE RESTRICTED AND LIMITED BY CONSTITUTIONAL PROVISIONS . . . EVERY POSITIVE DELEGATION OF POWER BY THE CONSTITUTION TO ONE OFFICER OR DEPARTMENT OF GOVERNMENT IMPLIES A NEGATION OF ITS EXERCISE BY ANY OTHER OFFICER OR DEPARTMENT." 638 P.2d AT 466. IT IS THUS MY OPINION THAT IN LIGHT OF ARTICLE XXV, 1 AND 2, THE CREATION BY LAW OF A SEPARATE STATE AGENCY TO IMPLEMENT STATE PROGRAMS CONCERNING ELDERLY PERSONS WOULD LIKELY VIOLATE THE OKLAHOMA CONSTITUTION. PLEASE NOTE THAT THIS IS MY INFORMAL OPINION AND NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. IF YOU WOULD LIKE TO DISCUSS THE MATTER FURTHER, OR WISH AN OFFICIAL OPINION, PLEASE FEEL FREE TO CONTACT ME. (SUSAN BRIMER LOVING)